[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 22, 1993
Date of Application July 22, 1993
Date Application Filed August 4, 1993
Date of Decision July 23, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Tolland, Docket No. CR93-50465;
Richard Otto, Esq., Defense Counsel, for Petitioner
Patricia A. Swords, Esq., State's Attorney, for the State
BY THE DIVISION
After trial by jury, petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a)(4) and larceny in the sixth degree in violation of General Statutes §53a-125b. As a result of such conviction, a sentence of eighteen years was imposed on the first count and a three-month concurrent sentence was imposed on the second count. The total effective sentence was eighteen years.
The facts underlying petitioner's conviction indicate that on January 16, 1993, at approximately 2:35 a.m., he entered a gasoline station in the Town of Vernon. He obtained a bottle of soda and asked for a carton of cigarettes. The petitioner then said to the attendant, "Give me your money." The attendant refused petitioner's demand and activated an alarm button. Petitioner then pulled a knife out of his pocket without opening the switchblade. The attendant, however, could see the black handle of the knife. At that time, a customer entered and defendant said he was just joking. When the customer left, petitioner continued to request money threatening that he had a gun. The attendant then gave the petitioner the money and he grabbed the carton of cigarettes and CT Page 5115-O left. He was later arrested on a warrant.
Defendant's attorney admitted the seriousness of the offense, but argued that the sentence was excessive and should be reduced. He stated that the crime did not involve violence. Petitioner did not brandish any weapon about or use it in a threatening manner. The attorney also argued that petitioner was affected by his disfunctional upbringing and the offense itself was a product of substance abuse.
In support of his claim that the sentence was excessive, petitioner's attorney presented a letter showing statistics for persons incarcerated for robbery in the first degree.
It was also argued that the sentencing judge improperly confused petitioner's denial of guilt and insistence on a trial with a lack of remorse on his part.
For all of these reasons, the attorney requested a reduction in sentence.
Speaking on his own behalf, petitioner stressed that his life had been turned upside down by drugs and alcohol. He requested a reduction in sentence.
The state's attorney argued against any reduction in sentence. She stated that threats were used during the course of the robbery and that the victim was distraught and nearly broke down at trial while describing the crime before the jury. The state's attorney also argued that petitioner presented an alibi defense which was not credible and that he was a career criminal with three prior violations of probation. It was also pointed out by the state's attorney that the robbery occurred shortly after petitioner was released from prison and that his crimes had been getting more violent. For all of these reasons, the state's attorney argued that the sentence imposed was not excessive and should not be reduced.
In imposing sentence, the judge considered petitioner's prior criminal record and noted that the imposition of shorter sentences had not had any rehabilitative effect on petitioner. This was a significant factor in the sentence which was imposed.
The statistical information provided by petitioner's attorney is not particularly helpful. Each case must be considered CT Page 5115-P in light of the facts applicable to the individual case.
Considering all of the factors involved, particularly petitioner's extensive criminal record, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense, the character of the offender and the need to protect the public from such criminal activity and to deter others from the commission of such crime. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J.
Norko, J.
Miano, J.
Purtill, J., Norko, J., and Miano, J. participated in this decision.